UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TIFFANY MAE S.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. C19-5432 MLP

ORDER

## I.   INTRODUCTION

Plaintiff seeks review of the denial of her application for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred by rejecting the medical opinions of State agency physicians. (Dkt. # 8.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## II.   BACKGROUND

Plaintiff was born in 1986, has a ninth-grade education, and has worked as a house keeper and in the fast food industry. AR at 70, 227, 240. Plaintiff was last gainfully employed in 2007. *Id.* at 231.

On March 3, 2016, Plaintiff applied for benefits, alleging disability as of March 3, 2016. AR at 26, 63. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 126-29, 133-35, 136-38. After the ALJ conducted a hearing on May 29, 2018, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 23-36.

Utilizing the five-step disability evaluation process,[1] the ALJ found:

Step one: Plaintiff has not engaged in substantial gainful activity since March 3, 2016.

Step two: Plaintiff has the following severe impairments: asthma and depressive disorder (20 CFR § 416.920(c)).

Step three: These impairments do not meet or equal the requirements of a listed impairment.[2]

Residual Functional Capacity: Plaintiff can lift 25 pounds occasionally and 20 pounds frequently. She is able to occasionally climb ramps/stairs. She is able to perform work that does not require climbing ladders/ropes/scaffolds. She is able to perform work that allows her to avoid exposure to pulmonary irritants (e.g. dusts, fumes, odors, gases) and to hazards as defined by the Dictionary of Occupational Titles (DOT). She can understand, recall, and execute simple tasks. She is able to work in a setting that is predictable with routine work changes. She is able to work in a primarily independent work setting with no contact with the public, occasional, superficial contact with coworkers, and occasional contact with supervisors after the initial training period.

Step four: Plaintiff has no past relevant work.

Step five: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR at 23-36.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 9-14. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 8.)

---

[1] 20 C.F.R. § 416.920.
[2] 20 C.F.R. Part 404, Subpart P. Appendix 1.

## III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV. DISCUSSION

**A.  The ALJ Erred in Evaluating the Medical Opinions of the State Agency Physicians**

ALJs are obligated to consider the opinions of non-examining state agency physicians that relate to the nature and severity of an impairment, or whether a claimant meets or equals a listing. 20 C.F.R. §§ 404.1527(f)(2)(ii), 416. 927(f)(2)(ii). An ALJ must evaluate the opinion of a non-examining source, and must explain the weight he assigns it. *See* SSR 96-6p. An ALJ may

reject the controverted opinions of an examining physician only by providing specific and legitimate reasons that are supported by the record. *Bayliss,* 427 F.3d at 1216.

        1.     *Dr. Bruce Eather, Ph.D., and Dr. Carla van Dam, Ph.D.*

Drs. Eather and van Dam conducted mental RFC assessments in 2016. AR at 106-08, 121-23. They both opined Plaintiff was moderately limited in her ability to complete a normal workday and workweek without interruptions from her psychological symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. *Id.* at 107, 122. Specifically, they opined:

> The claimant is able to understand, recall and execute simple tasks. While ongoing symptoms of depression will reduce efficiency and reduce stress tolerance, these are not to the degree as to the prevent ability to engage in work activity within an average schedule and work week the majority of the time.

*Id.* With regard to work environments, Drs. Eather and van Dam opined that Plaintiff would be able to work in a primarily independent work setting with superficial social demands and interactions with supervisors, coworkers, and the general public. *Id.* at 108, 122. They also opined Plaintiff would be able to work in a setting that is predicable with routine work changes. *Id.* at 108, 123.

The ALJ summarized Drs. Eather and van Dam's medical opinions and assigned them great weight. AR at 33. The ALJ found the opinions to be consistent with the record as a whole, including Plaintiff's daily activities such as adhering to a routine methadone program, caring for her young child, and attending school weekly. *Id*. In determining Plaintiff's RFC with regard to her mental health impairments, the ALJ found:

> She can understand, recall, and execute simple tasks. She is able to work in a setting that is predictable with routine work changes. She is able to work in a primarily independent work setting with no contact with the public, occasional, superficial contact with coworkers, and occasional contact with supervisors after the initial training period.

ORDER - 4

*Id.* at 29.

Plaintiff argues that the ALJ erred by purporting to credit Drs. Eather and van Dam's opinions but failing to explain why she did not account for their opinion regarding Plaintiff's ability to engage in work activities beyond the majority of the time. (Dkt. # 8 at 3.) Plaintiff argues this alleged error is not harmless because the vocational expert ("VE") testified that an individual who could not sustain routine tasks on a regular and continuing basis for a 40-hour work week could not perform any occupations in the national or regional economy. (*Id.* (citing AR at 92).)

In response, Defendant asserts that even though the ALJ gave great weight to Drs. Eather and van Dam's opinions, the RFC is based on the record as a whole, including medical and testimonial evidence. (Dkt. # 9 at 2-3.) As such, Defendant argues that the RFC is not required to contain the exact terms used by medical sources. (*Id.*) Defendant also argues Drs. Eather and van Dam opined that Plaintiff was not disabled (dkt. # 9 at 3), which Plaintiff disputes (dkt. # 10 at 2-3).

An ALJ errs by purporting to give great weight to a physician's opinion, yet failing to include all of the physician's opined limitations in the RFC. *See Betts v. Colvin*, 531 Fed.Appx. 799, 800 (9th Cir. 2013) (finding the ALJ committed reversible error by purporting to give great weight to an examining physician, yet failing to include many of the physician's opined limitations in the RFC). Here, the ALJ erred by disregarding aspects of Drs. Eather and van Dam's opinions without providing explanation. The ALJ assigned their opinions great weight, but failed to address the portions of their opinions that Plaintiff would have the "ability to engage in work activity within an average schedule and work week the *majority of the time*." AR at 33 (emphasis added). "The majority of the time" implies that there are times when Plaintiff would

be unable to sustain an average work week, and therefore presents a limitation regarding Plaintiff's ability to sustain work. Because the ALJ did not provide any reason for disregarding Drs. Eather and van Dam's opined limitation, the ALJ erred.

Because the VE testified that an individual would not be able to perform any occupations in the national or regional economy if that individual could not "sustain sufficient concentration, persistence or pace to do even simple routine tasks on a regular and continuing basis for eight hours a day, five days a week for a 40 hour work week or equivalent work schedule" (AR at 92), and the ALJ failed to address whether Plaintiff's ability to sustain work the "majority of the time" would meet these scheduling requirements, the ALJ's error is not harmless.[3] *See Treichler v. Comm'r Soc. Sec.*, 775 F.3d 1090, 1102 (9th Cir. 2014) (An error is only harmless if it is "inconsequential to the ultimate nondisability determination").

V. **CONCLUSION**

For the foregoing reasons, the Commissioner's final decision is REVERSED and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should give specific and legitimate reason for either rejecting or accepting the limitations in Drs. Eather and van Dam's opinions.

Dated this 16th day of October, 2019.

MICHELLE L. PETERSON
United States Magistrate Judge

---

[3] The Court notes the phrase the "majority of the time" has been found to be unclear in other cases in this jurisdiction. *See e.g., Thompson v. Berryhill*, C16-1447-DWC; *Houston v. Colvin*, C15-1205-KLS; *Casiano v. Colvin*, C15-1708; *but see Soukup v. Berryhill*, C16-1512-JPD.